IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DONALD MOODY | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv237 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Donald Moody, an inmate confined in the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Discussion

Here, petitioner has made three previous challenges to the validity of his 1993 conviction and sentence for two counts of attempted murder. *See In Re Moody*, No. 02-41549 (5th Cir. Mar. 11, 2003). Title 28 U.S.C. § 2244(b) requires individuals who seek to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider such second or successive application.[1] Moreover, the relevant statute requires that the court dismiss a claim presented in a second or successive habeas corpus petition if that claim was presented in a prior habeas application.[2] Petitioner, however, did not obtain prior authorization from the Fifth Circuit Court of Appeals for this court to consider his petition.

---

[1] Title 28 U.S.C. § 2244(b)(3) reads, in part, as follows:

\*\*\*

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b)(3).

[2] "A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Ordinarily, the court would consider transferring this motion to the Fifth Circuit Court of Appeals. However, on February 15, 2002, petitioner filed a motion with the Fifth Circuit Court of Appeals seeking leave to file a second or successive habeas application in the district court. The motion was denied. *In Re Moody*, No. 02-40260 (5th Cir. May 7, 2002). Further, as set forth above, petitioner has made three previous challenges to the validity of his 1993 conviction and sentence for two counts of attempted murder. Additionally, petitioner was warned by the Fifth Circuit that the further filing of frivolous and repetitive pleadings challenging his 1993 conviction may result in the imposition of sanctions. *Id*. Thus, petitioner's petition should be denied without prejudice to petitioner's ability to reassert his claims if permission is granted by the Fifth Circuit Court of Appeals.[3]

O R D E R

For the reasons set forth above, petitioner's petition for writ of habeas corpus should be dismissed without prejudice to his ability to reassert his claims if permission is granted by the Fifth Circuit Court of Appeals. A final judgment will be entered in this case in accordance with this memorandum.

**SIGNED** this the 9 day of **April, 2012.**

_____
Thad Heartfield
United States District Judge

---

[3] To the extent that the petition may be liberally construed to also contest the denial of parole, petitioner's claim is without merit. The burden is on petitioner to prove he falls within the narrow range of people who can receive habeas corpus relief based upon denial of parole. *See Williford v. Estelle*, 672 F.2d 552, 555 (5th Cir.1982) (stating "[t]he petitioner in a habeas corpus proceeding bears the burden of proof on his right to relief"). Petitioner's conclusory claims do not state a basis for relief. An inmate in Texas has no constitutional right to release under the Texas parole statutes. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991). The Fifth Circuit has reviewed the parole statue in effect at the time of petitioner's conviction and concluded the statue does not create a constitutional right to release on parole. *See Williams v. Briscoe*, 641 F.2d 274, 276 (5th Cir. 1981). Thus, to the extent petitioner may contend he has a constitutional right to release on parole, he is incorrect. *See id.*